142 So. 582

## GROOMS v. KNOX.

### 8 Div. 297.

Court of Appeals of Alabama.
Oct. 27, 1931.

Rehearing Denied Nov. 24, 1932.

Reversed on Mandate June 21, 1932.

R. B. Patton, of Athens, for appellant.

Fred Wall, of Athens, and Thos. C. Pettus, of Moulton, for appellee.

RICE, J.

There is an old adage to the effect that "an idle brain is the devil's work shop." We think the litigation here involved proves it.

It seems that appellee and appellant, having nothing else to do, were sitting around or lounging around in a store, and fell to discussing the amount of cotton that would be made, or that had been made; the conversation being held on September 14th, on appellee's farm. Appellee had the "bear" side of the argument, and appellant took the "bull" side, or, that we may not be misunderstood, appellee was the "pessimist," and appellant the "optimist."

Of so much importance did the parties regard their opposing views, that they entered into a writing, which was in words and figures as follows:

"Sept. 14, 1929.

"This day J. H. Grooms guarantees W. W. Knox twenty bales lint cotton averaging five hundred pounds per bale for the entire crop

of cotton grown on the said W. W. Knox's place.

"It is understood by both parties to this agreement that the said J. H. Grooms is to get all over the twenty bales of five hundred pounds each as stated above.

"W. W. Knox
"J. H. Grooms.

"Witness:
"W. H. Grooms
"Mack Barksdale."

When Knox's crop was gathered, it appears he found himself with five bales of cotton in excess of the twenty mentioned in the above paper, all gathered from his said "place."

Whereupon Grooms, the appellant, in the absence of Knox, proceeded to Knox's home and "helped himself" to the five bales of Knox's cotton, the subject of this suit.

To be sure, he claims that Knox *told* him to go get the cotton, but Knox denies this, and the trial judge, sitting without a jury, found in Knox's favor, as he could not have done had he believed Grooms' testimony.

The "gambler's code of honor" is *one* thing; the law another.

As to whether Knox was a "piker," in the language of the "gambling fraternity," it is not proper that we express our opinion; he may have had reasons, not disclosed by this record, for refusing to "live up" to his agreement. And, for all we know, they may have been valid reasons.

But when the parties bring the matter into a court of law, they are met with our statute (Code 1923, § 6808), which reads, in essential part, as follows: "All contracts, founded in whole or in part, on a gambling consideration, *are void*," etc. (Italics ours.)

Appellant, when sued in detinue by appellee for the recovery of the cotton which he had taken from Knox's home (his defense of having taken it with Knox's permission and at Knox's direction having failed) sought to justify the taking under the "agreement" we have set out hereinabove. The trial court held it no defense.

Both parties here agree that, if we hold the so-called agreement to be founded "on a gambling consideration," the judgment of the lower court should be affirmed.

In our opinion, the paper quoted by us hereinabove evidences no more than a "bet" by Grooms that Knox would make more than "twenty bales lint cotton averaging five hundred pounds per bale," etc., and the fact that the parties caused the "bet" to "assume the form of a contract" did not change the situation. 12 R. C. L. p. 748.

Perhaps as good a definition as any other of a "bet," or "wager," is as follows: "A bet or wager is a contract by which two or more parties agree that a sum of money, or other thing, shall be paid or delivered to one of them on the happening or not happening of an uncertain event."

The "agreement," in this case, fits the definition we have quoted, exactly. It is therefore void, and the judgment appealed from is affirmed.

Affirmed.

PER CURIAM.

Reversed and remanded on authority of Grooms v. Knox (8 Div. 362) 225 Ala. 250, 142 So. 583.